IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LYNCH,<br><br>   *Plaintiff,*<br><br> v.<br><br>TASTY BAKING COMPANY d/b/a TASTY CAKE, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br><br>NO. 23–4445 |

**Pappert, J.**                              **March 6, 2024**

## MEMORANDUM

  James Lynch worked at Tasty Baking Company, doing business as Tasty Cake, as a package inspector. Tasty Cake fired Lynch, who then sued his employer and four of his supervisors—Amber Beattie, Jack Garrett, Christine Johnston and Hayley Angeline[1]—asserting eleven counts and a multitude of violations under § 1981, Title VII, the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance. Defendants filed a Motion to Dismiss Counts I, III–VIII and X–XI in their entireties, the portion of Count II alleging race discrimination under Title VII, and the portion of Count IX alleging race, color and disability discrimination under the PFPO.

  The complaint is scattershot, meandering and largely conclusory and the Court grants Defendants' Motion. Lynch has requested leave to amend and will be allowed to do so for most of his claims.

---

[1]  For consistency and accuracy, the Court will use these spellings of individual Defendants' names—provided by Defendants themselves—throughout the Memorandum.

I

Lynch is a black, African-American, Muslim male. (Compl. ¶ 23, ECF No. 1). He sustained a left knee injury in 2019 after being shot, (*id* ¶¶ 42–44), and began working for Tasty Cake around September 19, 2019. (*Id.* ¶ 19).

Lynch touches on a number of things that allegedly happened when he worked at Tasty Cake. Although Lynch asked for and received medical leave under the Family and Medical Leave Act for his knee injury, Beattie expressed annoyance and frustration when he used his FMLA leave. (*Id.* ¶¶ 47–48). He was forced to pray in a janitorial closet—something his white, Christian co-workers were not asked to do—and had to clock out when he did so. (*Id.* ¶¶ 24–27). Isaac Cleavers, a Tasty Cake employee who is not Muslim and does not have a disability, attacked Lynch but was not disciplined. (*Id.* ¶¶ 37–41).

Meanwhile, Garrett, one of Lynch's supervisors, was "known to subject employees to discrimination based on their race," "subject[ed] [Lynch] to disparate treatment," and "intentionally misled" him and other employees. (*Id.* ¶¶ 35, 50–51). In August 2022, Lynch was terminated after being accused of pushing a co-worker. (*Id.* ¶¶ 32–34). Garrett "lied about video footage that exonerated" Lynch of an unspecified accusation (although presumably about what occurred between Lynch and his co-worker who he was accused of pushing). (*Id.* ¶ 52). Lynch also claims unnamed female employees were not fired despite perpetrating violence in the workplace. (*Id.* ¶¶ 53–55).

Around November 11, 2023, Lynch filed a charge of discrimination with the Equal Employment Opportunity Commission, cross-filed it with the Pennsylvania

Human Relations Commission and Philadelphia Commission on Human Relations ("PCHR"), and included Tasty Cake, Beattie, Garrett and Johnston as respondents in the caption and body of the complaint. (EEOC Charge, p.2, ECF No. 7–2). On August 14, 2023, EEOC issued a dismissal and notice of Lynch's right to sue. (Compl. ¶ 15).

Lynch sued Tasty Cake, Beattie, Garrett, Johnston and Angeline, alleging eleven counts: §1981 race discrimination, hostile work environment and retaliation against all Defendants (Count I); Title VII hostile work environment and disparate treatment based on race, religion and gender against Tasty Cake (Count II), Title VII retaliation against Tasty Cake (Count III); discrimination under the Americans with Disabilities Act against Tasty Cake (Count IV); retaliation under the ADA against Tasty Cake (Count V); discrimination based on disability and complaints of race discrimination and harassment under the PHRA against all Defendants (Count VI); retaliation under the PHRA against all Defendants (Count VII); aiding and abetting discrimination under the PHRA against all individual Defendants (Count VIII); discrimination based on race, gender, and disability under the PFPO against Tasty Cake (Count IX); retaliation under the PFPO against all Defendants (Count X); and aiding and abetting discrimination under the PFPO against all individual Defendants (Count XI).

II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though this "plausibility standard is not

akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, the court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

### III

### A

In Counts I, II, VI, and IX of the complaint, Lynch alleges he was discriminated against based on his race in violation of § 1981, Title VII, the PHRA and the PFPO, respectively. To state a claim for race discrimination,[2] Lynch must allege (1) he is a

---

[2] Courts analyze race discrimination claims under § 1981, Title VII, the PHRA and the PFPO using the same framework. *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009) ("[T]he substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII."); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 409 (3d Cir. 1999) (noting that the same legal standard applies to Title VII and PHRA claims); *Joseph v. Cont'l Airlines, Inc.*, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000) ("Because Title VII . . . and PFPO address similar substantive issues . . . [and] claims under those statutes are analyzed in the same manner, we will limit our discussion to Title VII issues.").

member of a protected class, (2) is qualified for the position, (3) suffered an adverse employment action, and (4) the adverse action occurred under circumstances that give rise to an inference of unlawful discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

Lynch conclusorily states that he was "subjected to discrimination and harassment in the workplace due to his race," (Compl. ¶ 21), and that he was "threatened with discipline and subjected to discipline in the workplace based on [his] membership in a protected class." (*Id.* ¶ 29). Setting aside these and similar statements, Lynch alleges no facts that "raise a reasonable expectation that discovery will reveal evidence of" unlawful discrimination. *Phillips v. Cty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

B

Lynch asserts a hostile work environment claim under § 1981 based on race and national origin (Count I), and a hostile work environment claim based on race, religion, or gender under Title VII (Count II). To state a hostile-work-environment claim,[3] Lynch must show: (1) he suffered intentional discrimination because of a protected category, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected him, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of *respondeat superior* liability. *Mandel v. M&Q Packaging Corp.* 706 F.3d 157, 167 (3d Cir. 2013).

He alleges no facts—neither specific comments nor conduct—to support his boilerplate references to intentional discrimination due to race (the claims Defendants

---

[3]  Hostile-work-environment claims under § 1981 and Title VII are analyzed under the same framework. *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181–182 (3d Cir. 2009).

seek to dismiss).[4] He relies instead on vague, conclusory statements about being subjected to harassment because of his race. *See* (Compl. ¶¶ 82, 120). And even if Lynch had sufficiently pleaded intentional discrimination—which he does not—he also fails to allege facts giving rise to an inference that the discrimination was severe or pervasive. *See Castleberry v. STI Grp.* 863 F.3d 259, 262 (3d Cir. 2017).

C

Lynch also alleges race, disability, and gender retaliation claims under § 1981 (Count I), Title VII (Count III), the PHRA (Count VII) and the PFPO (Count X). To state a claim for retaliation, Lynch must allege:[5] (1) he engaged in protected conduct, (2) Defendants took an adverse action against him, and (3) a causal link between his protected conduct and the adverse action. *Connelly*, 809 F.3d 780, 789 (3d Cir. 2016).

For one, Lynch fails to sufficiently allege protected conduct. He describes generally being "targeted for adverse action" "due to [his] reports of and opposition to discrimination and harassment in the workplace," but alleges no specifics. (Compl. ¶ 28). He also states that Defendants "refused to investigate or take appropriate remedial action" in response to his complaints. (*Id.* ¶ 65). Such vague statements are insufficient, even at this early stage, to allege protected conduct. And even assuming

---

[4] Defendants' Memorandum vacillates between arguing that Lynch fails to state a hostile-work-environment claim based on race, and that Lynch fails to state a hostile-work-environment claim based on race, religion or gender. *See* (Mem. in Supp. of Mot. to Dismiss, pp. 13–14, ECF No. 7–1). But since Defendants do not seek to dismiss claims for religious or gender discrimination in Count II, *see* (Prop. Order, ECF No. 7–4), the Court need not address those claims here. *See also* (Mem. in Supp. of Mot. to Dismiss, p. 18) ("Defendants also respectfully request that the Court dismiss the portion of Count II claiming race discrimination under Title VII").

[5] Retaliation claims under Title VII utilize the same framework as retaliation claims under § 1981, *see Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256–257 (3d Cir. 2017), and under the PHRA and PFPO, *see Jones v. Children's Hosp. of Phila.*, No. 17-5637, 2019 WL 2640060, at *5 (E.D. Pa. Jun. 26, 2019).

Lynch had pleaded protected activity, he also fails to allege facts which could establish a causal connection and any adverse employment action.

D

Lynch also alleges both discrimination and failure-to-accommodate claims against Tasty Cake under the ADA (Count IV), PHRA (Count VI), and PFPO (Count IX).

1

To state a claim for ADA discrimination,[6] Lynch must allege he: (1) is disabled within the meaning of the ADA, (2) can perform essential functions of his job with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of his disability. *Doe v. Hosp. of Univ. of Pa.*, 546 F. Supp. 3d 336, 348 (E.D. Pa. 2021).

Lynch states he has a disability related to his left knee injury, (Compl. ¶ 43), and that Defendants discriminated against him because of it. (*Id.* ¶ 140). But he fails to allege any facts which could actually establish such a claim.

2

To state a failure-to-accommodate claim, Lynch must allege: (1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance, (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated. *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 147 (3d Cir. 2017).

---

[6]  Disability discrimination claims under the ADA, PHRA and PFPO apply the same framework. *Denham v. Children's Hosp. of Phila.*, No. 19-0794, 2020 WL 3829228, at *3 (E.D. Pa. July 8, 2020).

7

Again, Lynch does not allege any facts about what, if any, accommodations he requested, what he was denied an accommodation for, or how Defendants did not make a good faith effort to assist. *See generally* (Compl.). Instead, he conclusorily states that "Defendants refused to provide reasonable accommodations and refused to engage Plaintiff in the interactive process." (*Id.* ¶ 141).

### E

Lynch also alleges retaliation against Tasty Cake under the ADA (Count V). To state a claim for retaliation under the ADA, like retaliation under Title VII (*see infra*, subsection III. C.), Lynch must allege (1) protected activity (2) adverse action by the employer; and (3) a causal connection between the protected activity and the employer's adverse action. *Krouse v. American Sterilizer Company*, 126 F.3d 494, 500 (3d Cir. 1997). Again, Lynch pleads nothing more than barebone allegations of ADA retaliation; he offers no facts about the specific protected activity, the adverse action taken by his employer, or any connection between the two. *See generally* (Compl.).

### F

Overlapping with other arguments for dismissing certain claims, Defendants also move to dismiss all claims against all individual Defendants—Johnston, Angeline, Beattie and Garrett—under the PHRA in Counts VII and VIII and the PFPO in Counts X and XI.

### 1

Defendants argue that, as a threshold matter, all claims under the PHRA and PFPO must be dismissed for failure to exhaust administrative remedies, since Lynch

has not alleged in the complaint that he filed his charge with the PHRC or the PCHR.[7] To bring suit under the PHRA, "a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination . . . If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1996) (internal citations omitted). Similarly, a suit under the PFPO is only available once administrative remedies have been exhausted with the PCHR. *See Mouzone v. Univ. of Pa. Health Sys.*, 2023 U.S. Dist. LEXIS 194750, at *3 (E.D. Pa. Oct. 31, 2023).

"A plaintiff's claims are preserved as long as she names the defendants in the body of the EEOC administrative complaint because it provides the defendants with the requisite notice that their conduct is under formal review." *McInereny v. Moyer Lumber & Hardward, Inc.*, 244 F.Supp. 2d 393, 398–399, (E.D. Pa. 2002) (collecting cases holding administrative remedies were exhausted when named in the body of the complaint).

Lynch's EEOC complaint was cross-filed with the PHRC (within the 180-day window) and the PCHR. *See* (EEOC Compl., p. 2). Lynch identified Tasty Cake, Johnston, Beattie and Garrett in both the caption and body of the complaint but did not include Angeline, so all claims under the PHRA and PFPO against Angeline must be dismissed with prejudice.

---

[7] The administrative exhaustion requirements applicable to PHRA and PFPO claims do not apply to § 1981 claims. *Anderson v. Boeing Co.*, 694 F. App'x 84, 86 (3d Cir. 2017)*; Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983). Accordingly, the § 1981 claims against individual Defendants (Count I) are not encompassed by Defendants' exhaustion argument.

2

With respect to the claims against all individual Defendants under the PHRA in Counts VII and VIII and the PFPO in Counts X and XI, Lynch does not mention Johnston or Angeline, aside from the introductory paragraphs of the complaint in which he identifies them. (Compl. ¶¶ 4–5). Lynch describes Beattie as having "expressed annoyance and frustration when Plaintiff was forced to use his intermittent medical leave due to the left knee injury," (*id.* ¶ 48), but alleges no facts that give rise to an inference of retaliation or aiding and abetting discrimination under either the PHRA or PFPO. *See also infra,* subsections 3. A–E. And although Lynch provides some details about Garrett—specifically how he subjected Lynch to "disparate treatment," and "intentionally misled" him—Lynch still alleges no facts about Garrett retaliating or aiding and abetting under the PHRA or PFPO. (Compl. ¶¶ 50–51). Furthermore, the claims against all individual Defendants for aiding and abetting discrimination under the PHRA and PFPO (Counts VIII and XI, respectively) also fail because Lynch has not plausibly alleged any underlying discrimination. *See supra,* Section III. A., D.

IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile*." Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1434 (3d Cir. 1997)).  The decision of whether to grant or deny leave to amend is within the sound discretion of the district court.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).

      Lynch requests leave to amend, (Resp. in Opp. to Mot. to Dismiss, ECF No. 10), and allowing him to do so would not cause undue delay or prejudice.  The Court expects the amended complaint to be a more focused document which asserts claims for which Lynch can provide a factual basis.  He may amend his claims against Tasty Cake, Johnston, Beattie, Garrett and Angeline insofar as he can allege facts that address the shortcomings identified in this Memorandum.  The claims in Counts VII, VIII, X and XI against Angeline, however, cannot be salvaged.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.