IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LYNCH, | CIVIL ACTION |
| Plaintiff, | Case No. 2:23-cv-04445-GJP |
| v. | |
| TASTY BAKING COMPANY individually and d/b/a TASTY CAKE; AMBER BETTIE; JACK GARRET; CHRISTINE JOHNSTON; and HAYLEY ANGELINE, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Tasty Baking Company ("Tasty"), Amber Beattie, Jack Garrett, Christine Johnston, and Hayley Angeline (collectively "Defendants"), by and through undersigned counsel, hereby submit the following Reply Brief in further support of their Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) ("Defendants' Motion") (ECF 15) and to address Plaintiff, James Lynch's Memorandum of Fact and Law in Opposition to Defendants' Motion to Dismiss (ECF 18) ("Opposition").

**I.  INTRODUCTION**

As a threshold matter, Plaintiff's Opposition to Defendants' Motion is untimely and should not be considered.[1]  Even were the Court to consider Plaintiff's Opposition, it simply confirms

---

[1] Defendants' Motion was filed on April 3, 2024 (ECF 15).  In accordance with Pa. Loc. R. Civ. Proc. 7.1, Plaintiff's response to Defendants' Motion was due within fourteen (14) days, on or before April 17, 2024.  On April 17, 2024, Plaintiff submitted a letter request to the Court seeking an extension until April 22, 2024 to respond to Defendants' Motion (ECF 17).  The Court granted Plaintiff's request.  Plaintiff filed his Opposition on April 28, 2024 (ECF 18), six (6) days past the extended deadline.  Plaintiff did not seek an additional extension, or provide any explanation for

1

that Defendants' Motion should be granted. Plaintiff continues to ignore Defendants' arguments and the fatal flaws in his claims. Instead, Plaintiff points back to the vague and conclusory allegations in the Amended Complaint and contends they are "well pled." Because Plaintiff is still unable to sufficiently state claims of race discrimination, hostile work environment, or retaliation; disability discrimination or retaliation; or any claims against the individual defendants, each of these claims should be dismissed with prejudice, without further leave to amend.

## II.  LEGAL ARGUMENT

### A.  Defendants Used the Correct Legal Standard in their Motion to Dismiss and Plaintiff Has Not Met It

Despite the Court having explained in its March 6, 2024 Memorandum that the first step in assessing plausibility under *Twombly* and *Iqbal* is to "take note of the elements the plaintiff must plead to state a claim," (*see* ECF 12, Memorandum at p. 4), Plaintiff insists in his Opposition that "[p]rima facie elements are an evidentiary standard not relevant at the pleading stage" and that "Plaintiff's complaint should not be tested with the prima facie elements." (Opp. at p. 2-3). Like Plaintiff's Amended Complaint, Plaintiff's Opposition continues to offer nothing more than conclusory statements and legal conclusions in support of his claims. *See generally* Opposition. As such, Plaintiff's Amended Complaint failed to "raise a right to relief above the speculative

---

his failure to meet the extended deadline. In addition to being untimely, Plaintiff's brief did not comply with section I.D.3 of The Honorable Judge Pappert's Policies and Procedures regarding Motion Practice, which require any brief longer than ten pages to include a table of contents and table of authorities. Further, this is the second time Plaintiff has been late in filing a pleading with the Court. Defendants' Motion to Dismiss the initial Complaint was filed on January 12, 2024 (ECF 7). Plaintiff's response was due by January 26, 2024. However, Plaintiff only responded after the Court's February 2, 2024 Order directing Plaintiff to file a response to Defendants' Motion on or before February 9, 2024, and warning that otherwise the Court may grant Defendants' Motion as uncontested pursuant to Pa. Loc. R. Civ. Proc. 7.1(c) (ECF 9). Local Rule 7.1(c) provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under Federal Rule of Civil Procedure 56, or otherwise prohibited by law." Pa. Loc. R. Civ. Proc. 7.1(c).

level," and Defendants' Motion should be granted. *Jacobs v. Contract Callers, Inc.,* No. 15-05286, 2016 WL 1696818, at *1 (E.D. Pa. Apr. 28, 2016) (Pappert, J.) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotations omitted).

> **B. Plaintiff's Opposition Does Not Cure His Failure to State a Claim for Race Discrimination Under Section 1981, Title VII, the Pennsylvania Human Rights Act, and the Philadelphia Fair Practices Ordinance**

Plaintiff's Opposition does not cure his failure to demonstrate a tie between the conduct Plaintiff alleges and Plaintiff's race. In Plaintiff's Opposition, Plaintiff responds that the claims are "supported by a detailed description of Jack Garret [sic], Ambert Better [sic], Christine Johnston, and Haley Angeline's [sic] discrimination and harassment in the workplace and retaliation." (Opp. at p. 3). However, Plaintiff's conclusory pronouncement does not remedy that the *actual* factual allegations in the Amended Complaint do not allow for the inference that Plaintiff's race motivated any adverse employment action toward him.

Similarly, Plaintiff contends that he sufficiently presented allegations of disparate treatment but does not provide a substantive argument as to how he has done so. Instead, Plaintiff directs the Court to Paragraphs 45, 46, 48, 49, 140, and 163 of the Amended Complaint for support that "white employees for Tasty Baking Company, assigned to the same location under the same management hierarchy, were not treated the way in which the black employees were treated." (Opp. at p. 9). First, Paragraphs 45, 46, 48, and 49 are mainly about Plaintiff's religious discrimination claim, which is not subject to Defendants' Motion. (Am. Compl. at ¶45, 46, 48, 49; *see generally* Defendants' Motion). To the extent race is mentioned in the allegations, Plaintiff is comparing white employees to Muslim employees, which is irrelevant to claims of *race-based discrimination*. Here, Plaintiff has not identified any purportedly similarly situated non-members of the protected class who were treated more favorably. "At the motion to dismiss stage, [a plaintiff] must allege facts sufficient to make plausible the existence of . . . similarly situated

3

parties." *Joseph v. Pepperidge Farm Inc.*, No. 22-4049, 2024 U.S. Dist. LEXIS 36889, at *9 (E.D. Pa. Mar. 4, 2024) (quoting *Danao v. ABM Janitorial Servs.*, 142 F. Supp. 3d 363, 375 (E.D. Pa. 2015; quoting *Perano v. Twp. Of Tilden*, 423 Fed.Appx. 234, 238 (3d Cir. 2011)). *See also, Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 222-23 (3d Cir. 2009) (comparators must be similarly situated to raise an inference of discrimination, which requires a "showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them."). The remaining Paragraphs 140 and 163 cited by Plaintiff are no more than conclusory statements unsupported by factual allegations, which are insufficient to support Plaintiff's claims of disparate treatment based on race. (*See* Am. Compl. at ¶140, 163).

Plaintiff proceeds to argue he successfully raised an inference of discriminatory intent through means other than disparate treatment. (*See* Opp. at p. 5). Not only does Plaintiff fail to cite any binding case law from this circuit, but Plaintiff also misapplies the cases he cites. Plaintiff repeatedly cites to *Woods v. City of Greensboro,* 855 F.3d 639, 649 (4th Cir. 2017) in support of his contention that his Amended Complaint creates the inference of discriminatory intent "through a pattern of discriminatory conduct." (Opp. at p. 5, 9). Instead of presenting substantive arguments in support his theory, Plaintiff restates his deficient allegations. Citing to Paragraphs 83, 84, 94, 95, 96, 104, 105, and 106 of the Amended Complaint, Plaintiff states that he detailed Garrett's discriminatory treatment of Black employees, including Plaintiff. (Opp. at p. 9). Critically, the only paragraph identified by Plaintiff that even alludes to other employees, Paragraph 104, pertains to Plaintiff's disability claims, not his race discrimination claims. (*See* Am. Compl. at ¶83, 84, 94, 95, 96, 104, 105, 106). Plaintiff further argues that examples of other employees purportedly

4

*alleging* discriminatory conduct indicate a pattern of such behavior. (*See* Opp at p. 8; Am. Compl., at ¶69, 70).  Plaintiff's theory, however, is unsupported by *Woods*.  In *Woods*, Plaintiff provided a "study of racial disparities in contracting by [defendant] [which] necessarily informs this Court's 'common sense' analysis of whether [plaintiff's] allegations are plausible." 855 F.3d at 649.  What Plaintiff proffers here is not comparable to the study in *Woods*.  Further, Plaintiff's wholly conclusory allegations regarding alleged perceived discrimination toward other employees are insufficient to support his claims.  *See Pepperidge Farm Inc.*, 2024 U.S. Dist. LEXIS 36889, at *13-15 (an inference of discrimination was not supported by allegations of "similar racial discrimination of other employees" because the allegations did "not include any specific details about who, when, where, and why" plaintiff believed other African-American employees were discriminated against.).  Plaintiff's conclusory statements do not salvage his race discrimination claims.

**C.      Plaintiff's Opposition Does Not Cure His Failure to State a Claim for Retaliation Under Title VII**

As with Plaintiff's race discrimination claims, for his retaliation claim, Plaintiff offers no support that he engaged in protected activity except to refer back to his conclusory allegations in the Amended Complaint. (*See* Opp. at p. 11).  Citing to Paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 71, 72, and 92 of the Amended Complaint, Plaintiff contends he "sufficiently pled protected activity." (*Id*.).  However, a review of these allegations belies Plaintiff's assertion.  For example, Plaintiff alleges in Paragraph 52 that Plaintiff "engaged in protected activity." The "Third Circuit has required plaintiffs to demonstrate that they made particularized statements in opposition to discrete past events that they believed were prohibited by [Title VII] in order to establish that they engaged in opposition activity."  *Barthold v. Briarleaf Nursing & Convalescent Ctr. Nursing Home*, No. 13-2463, 2014 U.S. Dist. Lexis 87602, at *17 (E.D. Pa. June 27, 2014).

Plaintiff has provided no detail as to how or when he allegedly reported discrimination. Even at the pleading stage, merely stating Plaintiff "reported the harassment and abuse," (Am. Compl, at ¶59, 61), is inadequate. *See Darby v. Temple Univ.*, No. 15-4207, 2016 U.S. Dist. LEXIS 89904, at *10-11 (E.D. Pa. July 12, 2016) (pleading that defendant "retaliated against plaintiff due to his opposing unlawful discrimination" without additional facts is not sufficient to suggest Plaintiff engaged in protected conduct). Likewise, Plaintiff's Amended Complaint, like his original Complaint, "fails to allege facts which could establish a causal connection" to any adverse employment action. (Memorandum at p. 7). Plaintiff's Opposition does not address this deficiency. As such, Plaintiff's Amended Complaint is still the "quintessential 'unadorned, the-defendant-unlawfully-harmed-me accusation,' which 'tenders naked assertions devoid of further factual enhancement.'" *Eldeeb v. Potter*, 675 F.Supp. 2d 521, 523-524 (E.D. Pa. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). For this reason, Plaintiff's retaliation claims must be dismissed.

### D. Plaintiff Has Abandoned His Hostile Work Environment Claims Under Section 1981 and Title VII

As set forth in, Plaintiff does not address the arguments in Defendants' Motion with respect to his hostile work environment claims. Accordingly, Plaintiff has waived any legal arguments regarding his failure to properly plead these claims and they should be dismissed. *See Hollister v. U.S. Postal Service*, 142 F. App'x 576-577 (3d Cir. 2005) (noting that where a party, represented by an attorney, does not submit responsive arguments to a motion to dismiss, the motion may be deemed unopposed, and the court may grant it without analysis of the merits); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (failure to address a defendant's arguments constitutes abandonment of such claims); *Person v. Teamsters Local Union 863*, No.

12-2293, 2013 U.S. Dist. LEXIS 149252 at *5-6 (D.N.J. Oct. 16, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in a waiver").

      **E.**      **Plaintiff's Opposition Does Not Cure His Failure to State a Claim for Disability Discrimination Under the ADA**

In his Opposition, Plaintiff continues to offer no support for his disability discrimination claims under the ADA other than to declare they are "well pled," that "discovery will reveal the necessary elements" (*see* Opp at p. 13), and to repeat the same conclusory statements in his Amended Complaint. (*See e.g.* Am. Compl. at ¶91) ("Plaintiff informed Amber Bettie [sic] about his disability and asked for reasonable accommodations."). However, a "plaintiff is entitled to discovery only when they have made factual allegations that support a cognizable claim; discovery is not for determining whether there is a factual basis for a claim not yet made." *Kurtz v. Westfield Ins.*, 610 F. Supp. 3d 703, 711 (E.D. Pa. 2022) (citing *In re Energy Future Holdings Corp.*, 513 B.R. 651, 656 (Bankr. D. Del. 2014). Likewise, Plaintiff's recitation of the allegations in his Amended Complaint is insufficient to establish a connection between an adverse employment action and his alleged disability. Plaintiff fails to address Defendants' arguments or demonstrate how his allegations are anything more than "unsubstantiated oral reprimands and unnecessary derogatory comments [which] are not serious and tangible enough to constitute adverse employment actions." *Caver v. City of Trenton*, 420 F.3d 243, 255-256 (3d Cir. 2017).

With respect to Plaintiff's failure to accommodate claim, Plaintiff alleges in his Opposition that he requested short breaks when he suffered a flareup to his injury. (*See* Opp. at p.15). In support, Plaintiff cites to his allegations related to his religious discrimination claims, which do not mention an alleged disability. (*See id.* at ¶47, 48, and 49). Even assuming, *arguendo*, that Plaintiff sufficiently pled that he requested a reasonable accommodation, this alone is insufficient to state a claim. *See Angelis v. Phila. House. Auth.*, No. 23-460, 2024 U.S. Dist. LEXIS 26342, at

\*39 (E.D. Pa Feb. 15, 2024) ("[W]hen a plaintiff does not plead facts to suggest that they could be accommodated, a plaintiff has not stated a failure to accommodate claim."). Plaintiff submits in his Opposition that he "can provide additional information to add context and detail" to his ADA claim, such as other employees he believes were subjected to undisclosed "discriminatory conduct." (Opp. at p. 15). Although Plaintiff asserts that he has "personal knowledge" regarding these other employees, to the extent he is aware of facts that support his claims, he did not include them in his Amended Complaint, or a description of them in his Opposition.[2]

### F. Plaintiff's Opposition Does Not Cure His Failure to State a Claim for Retaliation Under the ADA

Like Plaintiff's ADA disability discrimination claim, Plaintiff has not cured his failure to state a claim for retaliation under the ADA. Even if this Court were to determine that Plaintiff has pled that he requested a reasonable accommodation, neither Plaintiff's Amended Complaint nor his Opposition demonstrate a causal connection between an adverse action and Plaintiff's purported reasonable accommodation request.

### G. Plaintiff Has Abandoned His Claims Against the Individual Defendants under the PHRA and PFPO

Plaintiff entirely ignores Defendants' argument that Plaintiff's PHRA and PFPO claims against the Individual Defendants must be dismissed because they lack sufficient specificity to assert a plausible claim for relief against them, and because Plaintiff cannot sustain his underlying discrimination claims. (*See* Defendants' Motion at p. 17; *See generally*, Opposition). Plaintiff makes no attempt to argue that his allegations with respect to Ms. Beattie, Mr. Garrett, or Ms.

---

[2] Plaintiff does not mention or address Defendants' arguments with respect to his disability discrimination claims under the PHRA and PFPO in his Opposition, as such, he has waived these claims. *See Levy-Tatum*, 183 F. Supp. 3d at 712.

8

Johnston are sufficient.  As such, Plaintiff has waived his claims against them.  *See Levy-Tatum*, 183 F. Supp. 3d at 712.

### H. Allowing Plaintiff to Further Amend His Complaint Would be Futile

 "A proposed amended complaint is futile if the amendment will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a renewed motion to dismiss."  *Emmes Co., LLC v. SAP Am., Inc.*, No. 21-0019, 2021 U.S. Dist. LEXIS 142229, at *6 (E.D. Pa., July 29, 2021) (*quoting Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 253-54 (E.D. Pa. 2017) (internal quotations omitted).  Here, notwithstanding that Plaintiff has already been provided an opportunity to amend his complaint once, Plaintiff states in his Opposition that he "can still amend to amplify the pleading in good faith." (Opp. at p.16).  Plaintiff has not demonstrated through his Opposition that he will be able to cure the shortcomings identified in in Defendants' Motion through an additional amendment.  As such, Defendants respectfully submit that Plaintiff's request to amend his Complaint should be denied on the basis of futility.  *See Kurts v. Westfield Ins.*, Case No. 5:22-cv-1526, 2022 U.S. Dist. LEXIS 120489 at *15-16 (dismissing amended complaint and denying further amendment when amended complaint did not overcome the problems that existed in the original complaint).

### III. CONCLUSION

For all of the foregoing reasons, and those set forth in Defendants' Motion, Defendants respectfully request that the Court grant Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6).

Respectfully submitted,

*/s/ Clark Whitney*
Clark Whitney (Pa. Id. # 201052)
Jerome E. Shaen (Pa. Id. # 332061)
Rachel I. Feinberg (Pa. Id. # 334228)
1735 Market St., Suite 3000

Philadelphia, PA 19103
Tel: (215) 995-2800
Fax: (215) 995-2801
clark.whitney@ogletree.com
jerry.shaen@ogletree.com
rachel.feinberg@ogletree.com

Dated: May 6, 2023                                *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LYNCH, | : CIVIL ACTION |
| Plaintiff, | : Case No. 2:23-cv-04445-GJP |
| v. | : |
| TASTY BAKING COMPANY individually and d/b/a TASTY CAKE; AMBER BETTIE; JACK GARRET; CHRISTINE JOHNSTON; and HAYLEY ANGELINE, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of May, 2024, a true and correct copy of the foregoing Reply Brief in Support of Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, was electronically filed with the Clerk of Court, served electronically on all counsel of record via the Court's ECF system, and is available for viewing and downloading from the ECF system.

*/s/ Clark Whitney*
Clark Whitney