**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES LYNCH, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 23–4445 |
| TASTY BAKING COMPANY d/b/a TASTY CAKE, et al., | |
| *Defendants.* | |

**Pappert, J.**                                                                                    **June 5, 2024**

## <u>MEMORANDUM</u>

James Lynch is an African-American Muslim who claims, among other things, to have been harassed, discriminated and retaliated against in the workplace because of his race and religion.  His initial complaint consisted of 308 paragraphs and asserted eleven counts against five Defendants—his employer Tasty Baking Company and supervisors Amber Beattie, Jack Garrett, Christine Johnston and Hayley Angeline—pursuant to various federal, state and local statutes and ordinances.

The Defendants moved to dismiss most of the claims, and the Court granted their motion, describing the complaint as "scattered, meandering and largely conclusory."  Only certain of the claims against one of the individual Defendants were dismissed with prejudice; the Court allowed Lynch to amend the rest.  Lynch was advised to file a more "focused" amended complaint, and to assert claims for which he could allege a factual basis.  Lynch then filed an amended complaint that…contains 308

paragraphs and asserts eleven counts against the same five Defendants—including those claims which were previously dismissed with prejudice.

The Defendants now move to dismiss the amended complaint, which is another disjointed laundry list of purported grievances from which the Defendants and the Court must work to divine various causes of action. The Court, mindful of the Rule 12(b)(6) standard, denies the motion because Lynch alleges enough new facts which, for now, make some of his claims plausible.

Specifically, Lynch adds that when he took a five-minute break to pray at work, "he was forced to clock out and was subjected to reduction of money" but when "Caucasian employees took a five-minute break to use the restroom, they were not forced to clock out and were not subjected to deduction of money paid to them." (Am. Compl. ¶¶ 49–50, ECF No. 14).

Lynch also now claims that he reported to "human resource executives" "including Angeline and Johns[t]on" that "he was singled out and subjected to embarrassing, abusive comments" from Garrett and Beattie due to his race and religion. (*Id.* at ¶¶ 54–55). After this reporting, Garrett told Lynch that there was "nothing Lynch could do," "was physically aggressive and stood close to [] Lynch," "yelled and cursed at [Lynch]" and said "that he could end [Lynch's] employment if [he] did not shut up and do what he was told." (*Id.* at ¶¶ 60, 63–64). Furthermore, Garrett and Beattie "threatened" and "subjected" Lynch to discipline. (Am. Compl. ¶ 61).

Lynch also adds details about his alleged disability resulting from a left-knee injury. Specifically, Lynch told Defendants that he "needed to take short breaks during flareups and sometimes needed to take a day off" from work but was "denied the

request outright." (Am. Compl. ¶¶ 199–200). Garrett also told Lynch he "better keep quiet about his disability" or else he would be replaced. (Am. Compl. ¶ 106).

I

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, the court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

II

A

In Counts I, II, VI, and IX of the complaint, Lynch alleges he was discriminated against based on his race in violation of § 1981, Title VII, the PHRA and the PFPO, respectively. To state a claim for race discrimination,[1] Lynch must allege (1) he is a member of a protected class, (2) is qualified for the position, (3) suffered an adverse employment action, and (4) the adverse action occurred under circumstances that give rise to an inference of unlawful discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

Lynch claims that he had to clock out when he took breaks to pray, but white employees taking the same five-minute breaks were not forced to clock out and lose pay. (Am. Compl., ¶¶ 49–50). Compensating Lynch less than his coworkers would constitute an adverse action. *See Jones v. SEPTA*, 796 F.3d 323, 326 (3d Cir. 2015) (describing "[a]n adverse employment action as 'an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'") (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (internal quotation marks omitted)). Defendants argue that these factual allegations are better construed as giving rise to an inference of religious discrimination. *See* (Reply to Resp. to Mot. to Dismiss, p. 3, ECF No. 19). But when

---

[1]     Courts analyze race discrimination claims under § 1981, Title VII, the PHRA and the PFPO using the same framework. *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009) ("[T]he substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII."); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 409 (3d Cir. 1999) (noting that the same legal standard applies to Title VII and PHRA claims); *Joseph v. Cont'l Airlines, Inc.*, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000) ("Because Title VII . . . and PFPO address similar substantive issues . . . [and] claims under those statutes are analyzed in the same manner, we will limit our discussion to Title VII issues.").

reading the amended complaint most favorably to Lynch, he plausibly claims that, as a Black employee, he was forced to clock out while his white colleagues under similar circumstances were not forced to do the same, giving rise to an inference of racial discrimination.

### B

Lynch asserts a hostile work environment claim under § 1981 based on race and national origin (Count I), and a hostile work environment claim based on race, religion, or gender under Title VII (Count II).

In his response brief, Lynch does not address the Defendants' argument for dismissing these claims. The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument is a waiver or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. App'x. 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *see also Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (dismissing claims not addressed in plaintiff's response to defendant's motion to dismiss).

### C

Lynch also alleges race, disability, and gender retaliation claims under § 1981 (Count I), Title VII (Count III), the PHRA (Count VII) and the PFPO (Count X). To state a claim for retaliation, Lynch must allege:[2] (1) he engaged in protected conduct,

---

[2]    Retaliation claims under Title VII utilize the same framework as retaliation claims under § 1981, *see Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256–257 (3d Cir. 2017), and under the PHRA and PFPO, *see Jones v. Children's Hosp. of Phila.*, No. 17-5637, 2019 WL 2640060, at *5 (E.D. Pa. Jun. 26, 2019).

(2) defendants took an adverse action against him, and (3) a causal link between his protected conduct and the adverse action. *Connelly*, 809 F.3d 780, 789 (3d Cir. 2016). "For purposes of a retaliation claim, an individual engages in protected activity by 'opposing' discrimination made unlawful by Title VII or by 'participating' in certain Title VII proceedings." *Spangler v. City of Philadelphia*, 2012 U.S. Dist. LEXIS 70329, at *22 (E.D. Pa., May 21, 2012) (quoting *Slagle v. Cnty of Clarion*, 435 F.3d 262, 266–67 (3d Cir. 2006)).

Lynch alleges protected conduct when he reported to executives that "he was singled out and subjected to embarrassing, abusive comments" from Garrett and Beattie due to his race and religion.  (Am. Compl. ¶¶ 54–55).  He also sufficiently alleges a causal connection between this protected activity and an adverse action. Lynch claims Garrett physically intimated him, told him he was powerless, and threatened to end his employment if he did not stay quiet.  (*Id.* at ¶¶ 60, 63–64).  Lynch also alleges that Garrett and Beattie both threatened and disciplined him.  (*Id.* at ¶ 61).

Title VII's antiretaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment"—it also includes actions that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64–68 (2006). Although Lynch does not specify the exact disciplinary measures taken against him, his allegations—when read most favorably—give rise to the inference that Defendants

intimidated Lynch in multiple instances, nudging his retaliation claim across the line from conceivable to plausible.[3]

D

Lynch also alleges discrimination and failure-to-accommodate claims against Tasty Cake under the ADA (Count IV), PHRA (Count VI), and PFPO (Count IX).

1

To state a claim for ADA discrimination,[4] Lynch must allege he: (1) is disabled within the meaning of the ADA, (2) can perform essential functions of his job with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of his disability. *Doe v. Hosp. of Univ. of Pa.*, 546 F. Supp. 3d 336, 348 (E.D. Pa. 2021).

Lynch states he has a disability related to his left knee injury. (Am. Compl. ¶¶ 98–101). And although Lynch makes mostly conclusory statements about his disability, he also states that Beattie expressed frustration about how Lynch's injury affected his work and, in the context of a discussion about Lynch's disability, Garrett threatened to replace Lynch if he did not stop complaining and do his job. (Am. Compl. ¶¶ 103, 106). "An employee's decision to report discriminatory behavior cannot immunize that

---

[3]    In arguing that Lynch's retaliation claim must be dismissed, Defendants cite cases including *Carvalho-Grevious v. Del. State Univ.*, 851 F.2d 249, 257 (3d Cir. 2017) for the proposition that at the *prima facie* stage, a plaintiff must produce evidence that the protected activity was the likely reason for the adverse employment action. (Mem. in Supp. of Mot. to Dismiss, p. 19, ECF No. 15–1). But *Carvalho* was a summary judgment case. 851 F.2d at 253. Lynch need not produce evidence at this early stage of litigation; he must only allege sufficient facts to plausibly suggest that there is a causal connection between his protected activity an adverse action.

[4]    Disability discrimination claims under the ADA, PHRA and PFPO apply the same framework. *Denham v. Children's Hosp. of Phila.*, No. 19-0794, 2020 WL 3829228, at *3 (E.D. Pa. July 8, 2020).

7

employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68. But whether Beattie's and Garrett's statements amount to an adverse action or just trivial harms is better suited for a motion for summary judgment than a motion to dismiss. *See Spangler v. City of Philadelphia*, 2012 U.S. Dist. LEXIS, at *29.

### 2

To state a failure-to-accommodate claim, Lynch must allege: (1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance, (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated. *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 147 (3d Cir. 2017).

Reading the amended complaint most favorably to Lynch, he pleads a failure-to-accommodate claim. Lynch told Defendants that he had a chronic injury—presumably related to his left knee—and sometimes needed to take breaks during flareups and time off work, but the request was "outright" denied. (Am. Compl. ¶¶ 199–200). Taking these factual allegations as true, Lynch plausibly alleges that Tasty Cake did not make a good faith effort to assist Lynch in treating his knee flareups despite such accommodations being reasonable.

### E

Lynch also alleges retaliation against Tasty Cake under the ADA (Count V). To state a claim for retaliation under the ADA, like retaliation under Title VII (*see infra*, subsection III. C.), Lynch must allege (1) protected activity (2) adverse action by the

employer; and (3) a causal connection between the protected activity and the employer's adverse action. *Krouse v. American Sterilizer Company*, 126 F.3d 494, 500 (3d Cir. 1997).

Lynch's request for a reasonable accommodation for his disability constitutes protected employee activity. *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003). Lynch also alleges sufficient facts about a causal connection with an adverse action. Upon Lynch's request for an accommodation, Garrett threatened to replace Lynch if he did not stay quiet about his disability (Am. Compl. ¶ 106), which could dissuade a reasonable worker from requesting an accommodation.

## F

Defendants also move to dismiss all claims against all individual Defendants—Johnston, Angeline, Beattie and Garrett—under the PHRA in Counts VII and VIII and the PFPO in Counts X and XI.

The Court previously dismissed all claims against Angeline with prejudice. (Order Granting Mot. to Dismiss, ECF No. 13). Furthermore, Lynch's response to the Motion to Dismiss does not address Defendants' argument to dismiss claims against Johnston, Beattie and Garrett. Accordingly, these claims are also dismissed. *See Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016); *see also supra*, Section III. B.

## IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally

granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile*." Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  The decision of whether to grant or deny leave to amend is within the sound discretion of the district court.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).  Lynch's amended complaint fares better with respect to a few claims but remains largely conclusory and meandering.  Further leave to amend would be futile, as there is no indication that Lynch can salvage the dismissed claims.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.