IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LYNCH, | CIVIL ACTION |
| Plaintiff, | Case No. 2:23-cv-04445-GJP |
| v. | |
| TASTY BAKING COMPANY, et al., | |
| Defendants. | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SANCTIONS**

**I.      INTRODUCTION**

Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure and the inherent power of the Court to impose sanctions on a party, Defendant Tasty Baking Company ("Tasty"), by and through its undersigned counsel, submits this Memorandum of Law in support of its Motion for Sanctions against Plaintiff James Lynch and moves the Court to dismiss Plaintiff's Complaint in its entirety with prejudice, or impose alternative sanctions for Plaintiff's failure to obey this Court's Order dated July 1, 2024 and Plaintiff's continued non-compliance with discovery obligations following the September 5, 2024 telephonic conference with this Court.[1]

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure authorizes a Court to dismiss a plaintiff's lawsuit when the plaintiff fails to prosecute or comply with a court order or the Rules of Civil Procedure. See Fed. R. Civ. P. 41(b). Given that Plaintiff's violations at issue relate to Plaintiff's discovery violations and failure to obey the Court's scheduling order, Defendant's motion for sanctions focuses on the relief afforded by Rule 37. See 8 Moore's Federal Practice and Procedure § 41.52 (3d ed. 2008). However, as Defendant's request for sanctions and dismissal of Plaintiff's action is likewise made pursuant to this Court's powers under Rule 41(b) based on Plaintiff's failure to comply with the Federal Rules of Civil Procedure and this Court's orders.

1

Tasty files this Motion for Sanctions seeking dismissal of Plaintiff's Amended Complaint because Plaintiff has failed to comply with his discovery obligations in this case from its inception has greatly prejudiced Tasty's ability to prepare its defense, Tasty's efforts to obtain discovery from Plaintiff and to resolve discovery disputes without the Court's assistance have been fruitless, and Plaintiff has demonstrated that lesser measures will be ineffective. For these reasons, Tasty respectfully submits that Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice and that Plaintiff be ordered to pay Tasty's reasonable attorneys' fees and costs incurred in the preparation of letters relating to discovery disputes and this Motion.

While Tasty avers that dismissing Plaintiff's Amended Complaint in its entirety with prejudice and awarding Tasty its fees and costs is the appropriate remedy, should the Court decline to grant Tasty's Motion or be inclined to grant alternative remedies, Defendant requests that the Court consider the following: 1) Plaintiff's claims relating to disability discrimination and emotional distress be dismissed, with prejudice, as Defendant's ability to prepare its defense has been most prejudiced with relation to those claims; 2) Plaintiff be compelled to respond to fully respond to Defendant's discovery requests and any objections by Plaintiff be deemed waived; and 3) the discovery period and corresponding case deadlines be extended for the limited purpose of Defendant being permitted to take Plaintiff's deposition and the depositions of witnesses identified by Plaintiff in his Initial Disclosures on dates after Defendant has received Plaintiff's discovery responses and responses from third parties to its subpoenas for records.

II.   **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   **A. Plaintiff's Claims Pertinent to his Discovery Failures**

Plaintiff is a former employee of Tasty. (Amended Complaint, ECF 14 at ¶ 22). Plaintiff claims to have had a disability during the time he worked at Tasty. (Id. at ¶ 89). Plaintiff's

employment with Defendant was terminated after he was accused of pushing another employee. (Id. at ¶ 78.) Plaintiff alleges that he was disparately treated and retaliated against by Defendant based on his race, gender, religion, and alleged disability. (ECF 14 at ¶¶ 25, 110, 111, 125, 174, 180-183, 200). In connection with these claims, Plaintiff purports to have suffered emotional distress and economic damages. (Id. at ¶¶ 115, 117-118)**.**

### B. Plaintiff's Delay in Providing Signed Authorizations to Obtain Records from Third Parties and in Serving his Initial Disclosures.

On July 1, 2024, this Court issued an Amended Order scheduling a Pretrial Conference for July 3, 2024. (ECF 24). The Order directed the parties to make initial disclosures within 14 days of the Order, on or before July 15, 2024. *See id.*

On July 3, 2024, Your Honor held a Pretrial Conference and instructed Tasty to promptly provide Plaintiff with authorizations for medical, psychotherapy, and employment records and for Plaintiff to execute the forms without delay. On July 3, 2024, Tasty sent Plaintiff's Counsel blank authorizations forms for Plaintiff's signature for purposes of obtaining Plaintiff's medical and psychotherapy records from Plaintiff's providers. *See* **Exhibit A** at p. 2. On July 9, 2024, Tasty served Plaintiff with an additional authorization form for the release of Plaintiff's employment records from Plaintiff's former, current, and prospective employers. *See id*. Because there is often a delay with receiving records from providers, Tasty requested the completed authorizations be returned as soon as possible. *See id*. Defendant diligently attempted to obtain the executed authorizations forms from Plaintiff and Plaintiff's Initial Disclosures for well over a month. *See id*. Though Plaintiff's Counsel consistently assured Tasty that the documents would be provided imminently, they were not. *See id.* Finally on August 15, 2024, Plaintiff provided Tasty with the signed authorization forms – over six (6) weeks after the Court had directed that they be provided promptly. *See id.* As the discovery end-date was quickly approaching and Plaintiff still had not

3

served Tasty with Plaintiff's Initial Disclosures, Tasty sought this Court's assistance pursuant to the Court's policies and procedures by letter dated August 26, 2024. *See generally id.* On September 3, 2024 the Court issued an Order scheduling a telephonic conference for September 4, 2024. (ECF 29).

During the telephonic conference on September 4, 2024, the Court made clear that further delays or failures by Plaintiff to meet his discovery obligations would not be tolerated. Plaintiff's Counsel advised during the conference that the delay in providing authorizations was related to his being unable to get in contact with Plaintiff until the previous day (September 3, 2024) because Plaintiff had changed his phone number. At the conclusion of the telephonic conference, the Court directed Plaintiff to (1) serve Plaintiff's initial disclosures *that day* (September 4, 2024); (2) confirm to Defense Counsel that the medical providers to which Tasty had already issued subpoenas were correct and that there were no additional providers; and (3) timely serve Plaintiff's responses to Tasty's discovery requests, which were to become due on September 9, 2024. Plaintiff's Counsel assured Defense Counsel and the Court that Plaintiff would comply with these directives and that he understood the consequences of failure to do so.

### C. Plaintiff Fails to Comply with the Court's Directives.

Despite this Court's unmistakable instructions and Plaintiff's Counsel's assurances, Plaintiff did not serve Plaintiff's Initial Disclosures until September 5, 2024. *See* **Plaintiff's Counsel's 9/5/24 Email serving Plaintiff's Initial Disclosures, attached hereto as Exhibit B**. Although a one-day delay may seem minor, is it indicative of Plaintiff's Counsel's pattern of defying Court orders, discovery obligations, and bad faith engagement. *See Ayala v. Tasty Baking Co.*, No. 2:22-cv-03849-WB, ECF No. 81 at p. 5 ("An attorney who deliberately disregards court orders offends the dignity and authority of the court and thereby obstructs the administration of

justice.") (internal citations omitted). Plaintiff also did not confirm the accuracy of the medical providers to which Tasty had already served subpoenas for records, or include *any medical providers at all* in Plaintiff's Initial Disclosures. On September 11, 2024, Tasty contacted Plaintiff's Counsel regarding the identity of the Plaintiff's medical providers. *See* 9/11/24 Email Correspondence, attached hereto as **Exhibit B**. To date, Plaintiff has not provided that information.

Tasty also has concerns about whether Plaintiff's Initial Disclosures are reliable. In Plaintiff's Initial Disclosures, he identifies *over thirty* (30) individuals he purports have knowledge relating to his claims.[2] Because Plaintiff's Initial Disclosures were served more than six (6) weeks late, this leaves Tasty with only seventeen (17) business days before the October 1, 2024 discovery end date (one of which will be used taking Plaintiff's deposition) in which to attempt to investigate these individuals and to seek to take their depositions. Whether the individuals Plaintiff has identified actually have knowledge related to Plaintiff's claims is difficult to assess as Plaintiff's Initial Disclosures are largely a copy-and-paste from initial disclosures Plaintiff's Counsel served in different case against Tasty on behalf of his client Jose Ayala, including inaccurately listing the EEOC investigator assigned to the *Ayala* EEOC charge (David Cha) as the investigator assigned to Plaintiff's charge, whereas the EEOC investigator who was assigned to Plaintiff's EEOC charge is Jamie Storey. *See* 8/10/24 Ltr. to Plaintiff from J. Storey, attached hereto as **Exhibit E**. Other items call the accuracy and trustworthiness of Plaintiff's Initial Disclosures into question, such as that they state that Plaintiff is not in possession of contact information for named witness, Tiarra

---

[2] Plaintiff's Initial Disclosures also list an additional eighteen (18) people, fourteen (14) if which are not listed anywhere else, who Plaintiff claims made written reports. It is unclear if Plaintiff is providing these names as part of his Rule 26(a)(1) obligation to provide the names of individuals likely to have discoverable information. If he is, he has not provided the nature of that knowledge or their contact information.

5

[sic] Williams, despite that Plaintiff's Counsel represents Ms. Williams in a different matter against Tasty. *See* Civil Docket for *Tiara Williams v. Tasty Baking Company, et al.*, Case No. 2:24-cv-02508-MRP, attached hereto as **Exhibit D**.  Similarly, Plaintiff states that he does not have contact information for named witness, George Donahue, even though Plaintiff's Counsel purported to represent Mr. Donahue for purposes of Mr. Donahue's attempted deposition in the *Ayala* litigation against Tasty.  Further, Plaintiff does not state that Mr. Donahue has any information relating to Plaintiff's claims.  Instead, Plaintiff states, "This was an employee of Tasty Baking Company at the same time while Plaintiff was employed…".  Finally, Plaintiff's Initial Disclosures state, "Plaintiff is in possession of the grievances that were filed that identified [Jack Garrett] as the primary harasser and has produced the same in along with these written disclosures." *See id.*  No documents were produced alongside the initial disclosures.  In light of these issues, and others, Tasty has concerns about the reliability of the information provided in Plaintiff's Initial Disclosures.

        **D.**        **Plaintiff Has Not Responded to Tasty's Discovery Requests.**

Again, despite Plaintiff's Counsel's assurances during the Parties' September 4, 2024 telephonic conference with the Court, Plaintiff did not timely respond to Tasty's discovery requests, and still has not done so.  Tasty served its First Set of Interrogatories and Requests for Production of Documents on August 10, 2024. *See* **Exhibit A**, at p. 7. Under Rule 34(b)(2)(A), "the party to whom the request is directed must respond in writing *within 30 days* after being served…" Fed. R. Civ. P. 34(b)(2)(A) (emphasis added). Plaintiff's responses to Tasty's discovery requests were due on September 9, 2024.  On September 12, 2025, Plaintiff's Counsel sent a text message to Defense Counsel saying, "Just thought I'd check in with you regarding discovery in lynch . I will get you the responses today." *See* 9/12/24 Text Message, attached hereto as **Exhibit**

**C.** Plaintiff's Counsel did not provide any explanation for the delay. *See id.* And despite his representation, Plaintiff still has not served responses to Tasty's discovery requests.

## III. STANDARD OF REVIEW

Rule 37(b)(2) of the Federal Rules of Civil Procedure empowers the Court to impose sanctions when a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 26(a)(1) of the Federal Rules of Civil Procedure require parties to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). Per Rule 37(a)(4), "an evasive or incomplete disclosure … must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4). Pursuant to Rules 33 and 34, a party must serve its answers and any objections to interrogatories and its written responses to requests for documents within 30 days after being served. Fed. R. Civ. P. 33(b)(2). A motion to compel a discovery response may be made pursuant to Rule 37 if a party fails to answer an interrogatory submitted under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

The Supreme Court held, "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)), *superseded on other grounds* as stated in *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1356 (10th Cir. 1985). Sanctions within this Court's sole discretion include dismissing the action in whole or in part, as well as directing the matters embraced in the order bet taken as established, prohibiting the disobedient party from supporting claims, striking pleadings, or

7

treating as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i-v, vii); *see Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988) (*citing Nat'l Hockey*, 427 U.S. at 642).

In addition to sanctions available under Federal Rule of Civil Procedure 37, it is well-settled that federal courts have the inherent power to sanction parties who appear before them. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (*citing Chambers v. Nasco*, 501 U.S. 32, 43, 45-46 (1991)). This inherent power to sanction is not circumscribed by the existence of a procedural rule or statute that may punish the same conduct. *Chambers*, 501 U.S. at 49-50.

To determine whether dismissal is an appropriate remedy, courts in this Circuit generally apply the analysis set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which evaluates the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entail analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis*, 747 F.2d at 868; *see also Torres v. Amerada Hess Corp.*, 240 F. App'x 946, 954-56 (3d Cir. 2007) (non-precedential) (applying *Poulis* factors and affirming dismissal of the plaintiff's claims as a sanction for failure to comply with discovery requests); *Sunday v. United States*, No. 89-8374, 1992 WL 221322 (E.D. Pa. Sept. 3, 1992) (dismissing the plaintiffs' claims under *Poulis* analysis for failing to attend scheduled depositions and to obey court order). The Court need not find that all of the *Poulis* factors weigh against the non-moving party in order to dismiss plaintiffs' claims. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation…").

IV.     **LEGAL ARGUMNT**

    A.     **The *Poulis* Factors Support Dismissal of Plaintiff's Amended Complaint**

Application of the "Discovery rules' requirements are mandatory, not optional." In re Asbestos Prods. Liab. Litig. V. A.C., No. 08-90234, 2012 U.S. Dist. LEXIS 165332, *12 (internal citations omitted). The federal discovery rules (Fed. R. Civ. P. 26-37) "were carefully designed to structure the pretrial process in a way to move a case or controversy to resolution on the merits in the fewest and most efficient way possible." *Patel v. Havana Bar*, No. 10-1383, 2011 U.S. Dist. LEXIS 139180, at *20 (E.D. Pa. Dec. 2, 2011) (quoting *Tarlton v. Cumberland Cnty. Corr. Facility*, 192 F.R.D. 165, 169 (D.N.J. 2000)). Plaintiff's conduct with respect to discovery in this case has caused just the opposite. Courts applying the *Poulis* factors under similar circumstances have ordered dismissal as a sanction against parties that fail to comply with their basic discovery obligations. Here, the balance of the *Poulis* factors likewise weighs in favor of dismissal.

    *1.     Plaintiff's personal responsibility in causing the discovery delays weighs in favor of dismissal.*

First, the party's personal responsibility for the challenged actions is considered. Here, Plaintiff himself bears personal responsibility for the untimely authorizations, initial disclosures, and discovery responses. Assuming Plaintiff's Counsel was candid with the Court during the September 5, 2024 telephonic conference, Plaintiff's delays were related to Plaintiff changing his phone number, rending his counsel unable to contact him. When a plaintiff "chooses to retain a legal representative to speak for [him], the [plaintiff] must likewise keep that representative informed as to where [he] can be reached." *Wood v. Central Parking Sys. Of Pa.*, No. 99-3022, 2000 U.S. Dist. LEXIS 9043, at *13-14 (E.D. Pa. June 22, 2000). Plaintiff's Counsel's contact information is available on his website and Plaintiff could have easily apprised his counsel of his new number. Plaintiff's Counsel's inability to access his client for apparently more than a month

9

weighs in favor of dismissal. *See Laughton v. Best Legal Servs.*, No. 15-6622, 2017 U.S. Dist. LEXIS 16811, at *5 (E.D. Pa. Feb. 6, 2017) ("Plaintiff's counsel has repeatedly advised this Court of his inability to locate and/or communicate with Plaintiff. As such, because Plaintiff's failures to cooperate with [his] counsel and comply with this Court's orders cannot be attributed to counsel or another party, this factor weighs in favor of dismissal.").

        2.    *Tasty has been prejudiced by Plaintiff's failure to timely participate in discovery.*

The second *Poulis* factor asks the Court to consider how much Plaintiff's behavior has prejudiced defendant. Here, Plaintiff's behavior was not a mere frustration, it has prevented Tasty from analyzing the merits of the case and properly preparing its defense. Prejudice to a party "is not limited to irremediable or irreparable harm . . . It also includes the burden imposed by impeding a party's ability to prepare effectively … Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." *Pyle v. Upper Chichester Twp.*, No. 22-1715, 2023 U.S. Dist. LEXIS 124945, at *9 (July 20, 2023) (*quoting Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008)). Here, Tasty received Plaintiff's authorizations for the release of medical and psychotherapy information over six (6) weeks after Tasty provided Plaintiff with blank authorization forms. Further, despite the Court ordering Plaintiff's Counsel to confirm that no medical providers exist beyond the two (2) to which Tasty had already issued subpoenas, Plaintiff's has not done so. As a result, Tasty has not yet received key documents needed to assess Plaintiff's claims -- in particular his disability-related claims and claims for emotional distress -- or to properly prepare for Plaintiff's deposition. Tasty has not yet received documents from Plaintiff's former, present, or prospective employers and thus is without

information as to whether Plaintiff has had issues similar to those in this case at other employers, or whether he has properly mitigated.

As explained, *supra*, Plaintiff's Initial Disclosures were both untimely and do not appear to have been prepared in good faith. Further, with the discovery period set to end on October 1, 2024, Tasty remains unable to ascertain which witnesses should be deposed and what specific information Plaintiff purports each witness has. Likewise, Tasty has still not received any responses to its discovery requests. Without them, Tasty is without information or documents related to Plaintiff's claims, alleged economic damages, or what information his identified witnesses may have, prejudicing Tasty's ability to properly prepare its defense. *See Mazzuca v. U.S. Sec. Assocs.*, No. 08-1967, 2009 U.S. Dist. LEXIS 19104, at *14 (E.D. Pa. March 3, 2009) ("Defendant has been prejudiced in that it has not been able to effectively prepare its defense of this matter without any initial disclosures or discovery responses.").

Plaintiff's untimeliness and non-compliance with both the Federal Rules of Civil Procedure and this Court's orders have imposed significant burdens on Tasty by delaying the case, creating unnecessary distractions, and requiring Tasty to incur significant time and expense in addressing Plaintiff's dilatoriness. *See Gavaghan v. Said*, No. 12-6389, 2013 U.S. Dist. LEXIS 83865, at *10 (E.D. Pa., June 14, 2013) (finding prejudice when "Plaintiff's transgressions have cost Defendants significant time and money to attempt to coax compliance from Plaintiff."). *See also Pyle*, 2023 U.S. Dist. LEXIS 124945, at *9-10 ("The Court finds that Plaintiff's failure to participate in discovery or communicate with Defendants … has frustrated and delayed resolution of this matter. Further, Plaintiff's failure to participate or communicate hinders Defendants' ability to have any concrete sense of Plaintiff's witnesses, evidence, or potential damages, which impedes

Defendants' ability to prepare effectively a full and complete trial strategy. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.").

      3.  *Plaintiff's Counsel has a history of dilatoriness that supports dismissal.*

  The third *Poulis* factor looks at the history of dilatoriness. "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation ... [a] history by counsel of ignoring these time limits is intolerable." *Poulis.*, 747 F.2d at 868. A history of dilatoriness is exhibited by "extensive and repeated delay or delinquency" such as "consistent non-response to interrogatories or consistent tardiness in complying with court orders." *Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008). In addition to Plaintiff himself bearing responsibility for the untimeliness, Plaintiff's Counsel's has exhibited a severe pattern of dilatoriness and disrespect for Court orders. Unfortunately, "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis.,* 747 F.2d at 868.

  Prior to the commencement of the discovery period, Tasty filed a Motion to Dismiss ("MTD") Plaintiff's Complaint for failure to state a claim on January 12, 2024. (ECF 7). Pursuant to Local Civil Rule 7.1(c), Plaintiff had fourteen (14) days, or until January 26, 2024 to opposed Plaintiff's MTD. Plaintiff did not respond. On February 2, 2024 this Court ordered Plaintiff to respond to Tasty's MTD on or before February 9, 2024, writing "[if] no response is filed, the Court may grant the Motion as uncontested." (ECF 9). Only then, did Plaintiff file a response on February 9, 2024. (ECF 10). Similarly, on April 3, 2024, Tasty filed a Motion to Dismiss Plaintiff's Amended Complaint ("SMTD"). (ECF 15). Again, Plaintiff had fourteen (14) days (until April 17, 2024) to submit a response. On April 17, 2024, Plaintiff's Counsel filed a sealed letter with the Court requesting an extension until April 22, 2024 due to illness. Plaintiff did not file his Opposition until April 28, 2024-- nearly an entire week after his own proposed deadline. (ECF 18).

12

The extent to which Plaintiff's Counsel has operated on his own timeline with little regard for Tasty or this Court has been chronicled at length, *supra*. Moreover, this pattern of behavior is not an isolated occurrence. Rather, the untimeliness, disregard for scheduling orders, and failure to follow court rules is consistent with Plaintiff's Counsel's conduct in other cases. What has taken place in this case is not unpreventable or isolated occurrences.

Rather, untimeliness, disregard for scheduling orders, and failure to follow court rules is consistent with Plaintiff's Counsel's conduct in other cases. *See e.g., Ayala v. Tasty Baking Co.*, No. 2:22-cv-03849-WB, ECF No. 81 at p.5 (striking plaintiff's untimely opposition to summary judgment that did not comply with the Court's summary judgment protocol for failure to follow Court orders, noting "An attorney who deliberately disregards court orders offends the dignity and authority of the court and thereby obstructs the administration of justice."). Similarly, in *Nelatury v. Pa. State Univ.*, No. 21-279, 2024 U.S. Dist. LEXIS 121711, at *9-10 (W.D. Pa., July 11, 2024) (Fisher, J.), Plaintiff's Counsel was fined $500 for failing to timely file an opposition to summary judgment and his "history of dilatory behavior." *Id.* at *7. In that case, the court recognized "Attorney Carson exhibited a pattern of neglect before March 2024 [when he left his former firm]." *Id.* at 9. A cursory search of district court dockets in the Third Circuit show Plaintiff's Counsel has displayed similar conduct in other cases. *See e.g. Katz v. Beebe Healthcare*, No. 22-625, 2024 U.S. Dist. LEXIS 78436 (D. Del., April 30, 2024) (Bryson, J.) (ordering Plaintiff's Counsel to reimburse defendants' counsel for the costs and fees associated with filing a motion for sanctions because "plaintiff's failure to make discovery in this case has been flagrant"); *McNulty v. Middle East Forum*, No. 19-5029, 2022 U.S. Dist. LEXIS 11971 (E.D. Pa., Jan. 24, 2022) (Lloret, J.) (sanctioning Plaintiff's Counsel's client for her failure to respond to requests for admission from defendants, "as it reflected Plaintiff's prolonged failure to fully comply with her discovery

13

obligations under the Federal Rules of Civil Procedure."). *See also D'Angelo v. Vanguard Grp., Inc.*, No. 21-4813, 2023 U.S. Dist. LEXIS 11210 (E.D. Pa., Jan. 23, 2023) (Kearney, J.) (denying Mr. Carson's motion for an extension of time after failing to timely file a notice of appeal, finding Plaintiff's Counsel "not credible in his shifting of blame" when attempting to cast blame on paralegals and Google calendar, and finding Mr. Carson "not credible" with regard to other representations he made to the Court.) Due to this pattern, Tasty has not filed a motion to compel discovery, as it believes such efforts would be fruitless and Plaintiff has already demonstrated his propensity for ignoring orders of the Court. Such an established pattern weighs in favor of dismissal.

    4.  *Plaintiff's failure to comply is willful.*

  The fourth *Poulis* factor examines whether the party or its lawyer acted willfully or in bad faith. The myriad of documented circumstances where Plaintiff's Counsel attempts to cast blame on various extenuating circumstances to excuse his tardiness despite repeated admonishment and sanctioning from various Courts can lead to no conclusion other than his conduct is willful. An "absence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). In the present case, Mr. Carson attributes the delays in the discovery process to a change in his client's contact information. However, this excuse is unavailing. Plaintiff's "failure to … communicate with [his] counsel, evidences willfulness." *Laughton*, 2017 U.S. Dist. LEXIS 16811, at *8.

5. *Sanctions other than dismissal will not be effective.*[3]

Tasty is aware that alternative sanctions exist that could address the conduct at hand. However, the history of this case and Plaintiff's Counsel's previous like situations suggest that less severe sanctions will be ineffectual. This is not a situation where discovery responses are a few days late but otherwise sufficient. Nor do extenuating circumstances exist which could potentially excuse Plaintiff's lack of punctuality or engagement with the discovery process. To the contrary, Plaintiff's Counsel's blatant disregard of the directions this Court gave during the September 5, 2024 telephonic conference supports the conclusion that dismissal is the only effective sanction. *See Sheppard v. Glock, Inc.*, 176 F.R.D. 471, 479 (E.D. Pa. 1997) ("We will not endorse this cavalier approach to judicial directives … We do not decide this matter lightly, recognizing that plaintiffs will be out of court. Nonetheless, we will not tolerate blatant disregard of deadlines in a Scheduling Order, compounded by a general pattern of dilatoriness, compounded by actual and apparent misrepresentations to opposing counsel and the court."). "[I]t's not OK for lawyers just to do what they want, regardless of what the judge says. … When they do that, they risk consequences that might be worse than the pain of compliance in the first place." *Wilkins v. Tommy Bahama R&R Holdings, Inc.*, No. 23-05084, 2024 U.S. Dist. LEXIS 130558 at *1 (E.D. Pa., July 24, 2024) (Wolson, J.). It is clear here that lesser sanctions will not change the problematic behavior and thus, that dismissal is appropriate.

In the alternative, Tasty respectfully requests that: 1) Plaintiff's claims relating to disability discrimination and emotional distress be dismissed, with prejudice, as Defendant's ability to

---

[3] "The last *Poulis* factor-the meritoriousness of the claim or defense-does not require extensive discussion. In determining whether a claim is meritorious under *Poulis*, we only consider whether 'the allegations of the pleadings, if established at trial, would support recovery by plaintiff.'" *Sheppard*, 176 F.R.D. at 478 n. 5 (*quoting Poulis*, 747 F.2d at 869-70). Under that standard, plaintiff's claims are meritorious.

prepare its defense has been most prejudiced with relation to those claims; 2) Plaintiff be compelled to respond to fully respond to Defendant's discovery requests and any objections by Plaintiff be deemed waived; and 3) the discovery period and corresponding case deadlines be extended for the limited purpose of Defendant being permitted to take Plaintiff's deposition and the depositions of witnesses identified by Plaintiff in his Initial Disclosures on dates after Defendant has received Plaintiff's discovery responses and responses from third parties to its subpoenas for records.

## V.      CONCLUSION

Because Plaintiff has demonstrated that he does not take the rules, orders, or directives of this Court seriously, and has no intention of complying with his discovery obligations in this case, Tasty respectfully submits that the sanction of dismissal pursuant to Rule 37 and the award of reasonable attorneys' fees and costs to Tasty is warranted.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

September 14, 2024

/s/ *Clark Whitney*
Clark Whitney, Esquire
Rachel I. Feinberg, Esquire
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2813 (Tel.)
(215) 995-2801 (Fax)
Clark.whitney@ogletreedeakins.com
rachel.feinberg@ogletreedeakins.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LYNCH, | : | CIVIL ACTION |
| Plaintiff, | : | Case No. 2:23-cv-04445-GJP |
| v. | : | |
| TASTY BAKING COMPANY, et al., | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of September, 2024, the aforementioned Motion for Sanctions was filed electronically with the Clerk of Court, served electronically on all counsel of record via the Court's ECF system, and is available for viewing and downloading from the ECF system.

/s/ *Clark Whitney*
Clark Whitney