## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Lynch, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 23-4445 |
| Tasty Baking Company d/b/a Tasty Cake, et al., | |
| *Defendants.* | |

**Pappert, J.**                                                                   **October 18, 2024**

### MEMORANDUM

Litigation can be frustrating, difficult and stressful for all involved, judges included.  It can also be lengthy and very expensive for the parties.  Courts, through enforcement of their own orders and guided by the Federal Rules of Civil Procedure, manage the litigation process and do their best to ensure, as Federal Rule of Civil Procedure 1 requires, the "just, speedy, and inexpensive determination" of the case.  But by far the surest way to control the case's schedule and cost is for the lawyers to follow the rules and work cooperatively without court intervention, particularly throughout the discovery phase—the most time-consuming and expensive part of litigation.

That hasn't happened here, despite defense counsel's efforts and the Court's involvement.  From the get-go, the plaintiff's attorney, Seth Carson, has treated as optional the Court's orders, the Federal Rules of Civil Procedure, his opponent's requests and his own professional obligations.  And he has declined to exercise the option.  He has ignored deadlines, disregarded Court orders and prevented his

1

opponent from conducting any meaningful discovery and preparing defenses to his client's claims.

After deficiency letters and verbal and written orders from the Court, defense counsel had no choice but to move for sanctions—seeking dismissal with prejudice of the amended complaint, or other sanctions the Court may deem proper. Carson never responded to the motion and at oral argument offered no substantive defense to his indefensible conduct. The Court then stated that it would grant the motion, though with the reduced sanction of ordering Carson to pay the defense's expenses attendant to its efforts. The Court ordered the defense to submit all materials in support of its reasonable expenses (which it timely did) and Carson to respond to that supplemental filing (which he did not).

The Court remains a bit at a loss about what to do with Mr. Carson. Given his numerous transgressions and failure to even contest his opponent's allegations, the Court in its discretion could throw this case out for good. But the Court hesitates, *at this time*, to punish Carson's client to that extent. The Court instead grants the motion and orders Carson to pay the $32,756.92 in attorneys' fees that Tasty reasonably incurred because of his violations of the Court's orders. This represents the Court's best effort to deter Carson from marching to the beat of his own drum, though the Court will ramp up the sanctions if the misconduct continues.

I

Carson filed this employment-discrimination lawsuit in November 2023. He wasted no time demonstrating his contempt for the rules and procedures of federal court, failing to timely respond to Tasty Baking Company's first motion to dismiss and

only doing so after the Court ordered it.  (Order, Feb. 2, 2024, ECF No. 9.)  Tasty later moved to dismiss certain claims in the amended complaint, and Carson asked for more time to respond but then ignored his own self-imposed deadline.  (Mot. to Dismiss, ECF No. 15); (Letter, April 17, 2024, ECF No. 17); (Pl.'s Resp., ECF No. 18.)

Tasty subsequently answered the amended complaint, and the Court scheduled the Rule 16 conference for July 3 and ordered the parties to commence discovery immediately and make their required initial disclosures by July 15, which Carson did not do.  (Order, July 1, 2024, ECF No. 24); (Oral Arg. at 15:6–14.)  The Court also required the parties to exchange before the Rule 16 conference any authorizations or releases necessary to subpoena third parties.  (Order, July 1, 2024.)  During the conference, the Court learned that Tasty would need to subpoena numerous medical providers and other employers and ordered Carson again to promptly return signed authorizations to Tasty's counsel so they could immediately subpoena records from the third parties.  (Min. Entry, July 3, 2023, ECF No. 26); (Oral Arg. at 15:15–16:5.)  Carson did not return the authorizations to his opponent until August 15.  (Def.'s Letter, August 26, 2024, ECF No. 40.)

Tasty wrote the Court on August 26, stating that Carson had still not produced his initial disclosures or otherwise meaningfully engaged in the discovery process, so the Court scheduled a telephone conference for September 4.  (*Id.*); (Min. Entry, Sept. 4, 2024, ECF No. 30.)  During the call, the Court ordered Carson to send the initial disclosures to counsel that day.  (Oral Arg. at 17:23–18:19.)  The Court also ordered Carson to timely respond to Tasty's interrogatories and requests for document production, both of which were to be due on September 9.  (*Id.* at 17:23–18:19.)  Given

Carson's dilatory conduct to that point, the Court warned him that further failures to obey the Court's orders and the Federal Rules of Civil Procedure could result in harsh consequences. (Oral Arg. at 18:13–19.)

Carson did not heed the Court's warning. While he finally produced the initial disclosures the next day (almost two months after he should have), they were essentially worthless. They were riddled with errors, listed names from one of his previous cases against Tasty, falsely stated that certain documents were enclosed, and stated that he did not have contact information for two individuals, even though he represented them in that prior case. (*Id.* at 32:16–18); (Mot. for Sanctions 5–6, Ex. D.) He produced documents nine days late, on September 18. (Oral Arg. at 6:18–20.) And even then, he failed to include the written responses required by Rule 34, leaving Tasty unable to determine the specific requests to which each document was responsive. (*Id.* at 5:25–6:6.) He also responded to Tasty's interrogatories twenty-two days late, on October 1. (*Id.* at 5:15–17.)

These further delays prompted Tasty to move for sanctions on September 14, seeking the case's dismissal with prejudice or, alternatively, lesser sanctions. (Mot. for Sanctions 1, 16.) Carson never responded to the motion. With the motion pending, Tasty had to reschedule its September 24 deposition of the plaintiff to October 1, the final day of fact discovery. (Def.'s Letter, October 1, 2024, at 1, ECF No. 41.) The rescheduling was necessary because Tasty had still not received from Carson any responses to its interrogatories, and only days prior had received the incomplete responses to its document requests. (*Id.*) Tasty was also still waiting for responses to some of its third-party subpoenas, all because Mr. Carson had not provided the

requisite authorizations until September 5.  (*Id.*)  Tasty was then also forced to

postpone the October 1 deposition after Carson told counsel (on September 30) that his

client was in California and could not be reached.  (*Id.* at 2, Ex. C.)

On October 8, the Court held oral argument on the motion for sanctions. (Order,

October 2, 2024, ECF No. 32); (Min. Entry, Oct. 8, 2024, ECF No. 33.)  There, the Court

learned that Carson had not timely responded to *another* discovery request (requests

for admissions), and had yet to provide written responses to Tasty's document requests.

(Oral Arg. at 6:25–7:8; 9:6–8.)  Carson did not dispute any of the conduct recounted

above, offering only that he and Tasty's counsel confer about discovery frequently.  (*Id.*

at 15:6–14; 15:15–16:12; 23:4–7 25:9–23; 39:15–16.)  At the end of argument, the Court

requested that Tasty's counsel submit documentation supporting the expenses,

including attorneys' fees, Tasty incurred as a result of Carson's violations of the Court's

orders and ordered Carson to respond to the submissions.  (Order, Oct. 9, 2024, ECF

No. 34.)

Tasty's counsel filed its supporting documents and requested reimbursement of

$36,050.82 in attorneys' fees.  Specifically, it seeks $22,299.42 for 50.6 hours of work at

$440.70 per hour by lead counsel Clark Whitney, who has been a shareholder at

Ogletree, Deakins, Nash, Smoak & Stewart, P.C. since 2015, (Whitney Decl. ¶¶ 4, 16,

20, 23, 27, 35, ECF No. 37-1); $13,536.90 for 44.5 hours of work at $304.20 per hour by

attorney Rachel Feinberg, an associate at Ogletree, (*id.* at ¶¶ 14, 18, 21, 25, 29, 36); and

$214.5 for 0.5 hours of work at $429.00 per hour by attorney Lee Tankle, a senior

associate at Ogletree.  (*Id.* at ¶¶ 14, 17, 24, 28.)  Tasty breaks the requested amount

into four categories: (1) fees for the 6.8 hours spent by Whitney and Feinberg

attempting to get Carson to do what he was supposed to do before seeking Court intervention; (2) fees for the 11.4 hours spent by Whitney, Tankle and Feinberg writing the Court letters and participating in the Court's telephone conference over Carson's failure to comply with Court orders; (3) fees for the 59.1 hours spent by Whitney, Tankle and Feinberg drafting the motion for sanctions and preparing for and attending the hearing on that motion; and (4) fees for the 18.3 hours spent by Whitney and Feinberg preparing the supplemental filing in support of the fee request, (*id.* at ¶¶ 22, 26, 30, 37.)

Carson did not respond or object to any aspect of Tasty's supplemental filing.

## II

Rule 16(f) authorizes a court to sanction an attorney who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b) authorizes a court to sanction an attorney who "fails to obey an order to provide or permit discovery." *Id.* at 37(b)(2)(A). Each rule instructs that a court "*must* order" the disobedient attorney "to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule" unless the court determines that noncompliance was "substantially justified" or that an order to pay expenses is "circumstantially 'unjust.'" *Rorrer v. Cleveland Steel Container*, 564 F. App'x 642, 644 (3d Cir. 2014) (quoting Fed. R. Civ. P. 16(f)(2)) (emphasis in original); *see also* Fed R. Civ. P. 37(b)(2)(C). Sanctions under these rules are meant to deter "practices which unreasonably interfere with the expeditious management of cases." *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).

Carson has failed to obey at least three of the Court's scheduling, discovery and other pretrial orders.  He violated the July 1 order to produce his initial disclosures by July 15.  (Oral Arg. at 15:13–16); (Mot. for Sanctions, Ex. B.)  He violated the July 1 order, which the Court verbally gave again on July 3, to promptly provide Tasty's counsel the authorization forms needed to obtain his client's medical and employment records.  (Order, July 1, 2024); (Oral Arg. at 15:15–16:12.)  And he violated the Court's order during the September 5 telephone conference to timely respond to Tasty's interrogatories and document requests.  (Oral Arg. at 5:25–6:6; 5:15–17.)

Carson did not dispute any of those violations at the hearing, (*id.* at 15:6–14; 15:15–16:12; 25:9–23), so his noncompliance is not substantially justified.  And under the circumstances, requiring Carson to pay the attorneys' fees incurred as a result of his confessed transgressions would not be unjust.  For one, his violations were not minor slip ups.  He missed two Court-ordered deadlines by six weeks or more, (Order, July 1, 2024); (Mot. for Sanctions, 4, Exs. A, B); (Oral Arg. at 15:15–16:5), and then after the Court warned him that further delays would be met with harsh consequences, he missed two more Court-ordered deadlines, one by nine days and one by twenty-two days.  (Oral Arg. at 18:13–19, 5:15–17 5:25–6:6.)

In addition, Carson's violations of the three orders have prejudiced Tasty "by impeding [its] ability to prepare effectively" and causing it to "expend costs to obtain court orders for compliance." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).  Fact discovery was originally to be completed by October 1, but Tasty was unable to depose the plaintiff by then because counsel still did not have the records needed to properly question him.  (Def.'s Letter, October 1, 2024, at 1.)  And Tasty had to twice seek the

Court's intervention, requiring three[1] letters, a phone conference, a written motion and oral argument.  (Oral Arg. at 17:17–22; 19:11–21); (Min. Entry, Sept. 4, 2024); (Mot for Sanctions.)

Plus, Carson's violations of those three orders are just the tip of the iceberg. Carson did not timely respond to any of the three motions Tasty filed in this case, including the motion for sanctions.  (Order, Feb. 2, 2024); (Defs.' Mot. to Dismiss); (Pl.'s Resp.)  Nor did he respond to Tasty's supplemental filing in support of its fee request, despite the Court's order that he do so.  (Oral Arg. at 41:6–8); (Order, Oct. 9, 2024.)  He also did not timely respond to Tasty's requests for admissions.  (Oral Arg. at 6:25–7:8.) And much of the information he did provide his opponent was incomplete or obviously wrong.  (*Id*. at 32:16–18, 5:25–6:6); (Mot. for Sanctions 5-6, Ex. D.)  The sanction power exists precisely to deter this sort of indifference to the obligations a lawyer has as an officer of the Court.

Accordingly, Rules 16 and 37 authorize the Court to order Carson to pay the reasonable expenses Tasty incurred because of Carson's noncompliance with the Court's two July 1 orders and September 5 order.  Indeed, under these circumstances it would be well within the Court's discretion to dismiss this case with prejudice.  *See*, *e.g.*, *Sheppard v. Glock, Inc.*, 176 F.R.D. 471 (E.D. Pa. 1997), *aff'd*, 142 F.3d 429 (3d Cir. 1998).

---

[1] In addition to the August 26 and October 1 letters, Tasty wrote to the Court on September 16 requesting another telephone conference to sort out the discovery delays because the October 1 deadline for fact discovery to be completed was fast approaching.  (Def.'s Letter, September 16, 2024, ECF No. 42.)

III

In determining which of Tasty's expenses were reasonable, the Court must eliminate initially those expenses not incurred "because of" or "caused by" Carson's violations of those Court orders, and then determine whether the remaining expenses were "reasonable." *See* Fed R. Civ. P. 16(f)(2), 37(b)(2)(C).

First, Tasty's requested expenses (all of which are attorneys' fees) were all caused by Carson's noncompliance with this Court's orders. Tasty's supplemental filing demonstrates that each requested expense was incurred in an effort to obtain information the Court had ordered Carson to provide, and then to seek sanctions for Carson's failure to do so. (Whitney Decl. ¶¶ 21, 25, 30, 37.) Again, Carson contests none of this.

Second, $32,756.92 of Tasty's requested expenses were reasonable. Calculating a reasonable fee begins with the lodestar: the "product of the hours reasonably expended and the applicable hourly rate for the legal services." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The starting point in the reasonable-rate calculation is the "attorney's usual billing rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184–85 (3d Cir. 2001). But "[g]enerally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community" for "lawyers of reasonably comparable skill, experience, and reputation" to the requesting party's lawyers. *Id.* at 184. Courts in this District often ascertain a reasonable rate by looking to the fee schedule published by Community Legal Services of Philadelphia (CLS). [2] *Ray v. AT&T Mobility Servs.*, LLC, No. CV 18-3303, 2022 WL 1203730, at *7 (E.D. Pa. Apr. 22, 2022)

---

[2] The most recent fee schedule may be found at https://clsphila.org/about-community-legal-services/attorney-fees/.

(using the CLS schedule in an employment case and citing other cases that did the same); *see also Maldonado*, 256 F.3d at 188 (approving use of the CLS schedule in a civil rights case).  Courts will exclude from the lodestar calculation any hours not reasonably expended, meaning hours that "are excessive, redundant, or otherwise unnecessary." *Rode*, 892 F.2d, at 1183.

The requesting party must initially "submit evidence supporting the hours worked and rates claimed," while the opposing party must object with specificity sufficient to give notice to the requesting party.  *Id.*  The Court "cannot decrease a fee award based on factors not raised at all by an adverse party."  *Id.*  Thus, because Carson did not object to Tasty's supplemental filing, the Court must make Carson pay those of Tasty's requested expenses supported by evidence.

Tasty has submitted no evidence of the prevailing market rates in Philadelphia for employment attorneys other than Ms. Whitney's own statement that Tasty's requested rates are consistent with market rates, so the Court will check the requested rates against the CLS schedule.  (Whitney Decl. ¶ 19.)  Ms. Whitney states that she has been a shareholder at Ogletree for nearly ten years, (*id.* at ¶ 4), meaning she has certainly practiced law for well over ten years.  The CLS range for an attorney with 11-15 years of experience is $420-525, so Whitney's requested rate of $440.70 is reasonable based on her experience.

As for Ms. Feinberg, Tasty has not submitted any evidence of her experience or skill, other than to state she is a "junior level associate."  (*Id.* at. ¶ 19.)  The Court will not award the requested rate of $304.20 per hour for her work and will instead apply a rate of $235 per hour, consistent with the low end of the CLS rate for lawyers with less

than two years of experience.  Tasty also has not submitted any evidence of Mr. Tankle's experience or skill, other than describing him as a "senior associate" and stating that he worked on a different case filed in September 2022, allowing the Court to conclude only that he has been an attorney for at least two years.  (*Id.*); (Def.'s Req. for Fees 7, ECF No. 37.)  The Court will not award the requested rate of $429.00 per hour for his work and will instead apply a rate of $265 per hour, consistent with the low end of the CLS rate for lawyers with two to five years of experience.

Tasty has submitted evidence supporting all the hours it claims its attorneys reasonably worked.  Specifically, it submitted billing entries, each including a description of the tasks performed.  (Def.'s Req. for Fees, Exs. A–C.)  Multiplying the hours claimed by the reduced rates yields a total award of $32,756.92, which Carson must pay consistent with the accompanying Order.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.